IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CORY VILLAREALE,

    Petitioner,

v.                                                                          No. 21-cv-132 JB-JHR

LUIS ROSA, *Warden*

    Respondent.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Cory Villareale's 28 U.S.C. § 2241 Habeas Corpus Petition (Doc. 1) (Petition). Petitioner challenges a disciplinary proceeding at the Northwest New Mexico Correctional Facility (NNMCF). Having reviewed the matter under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why this action should not be dismissed for failure to exhaust state remedies.

## I. Background

    The following procedural history is taken from the Petition (Doc. 1) and the state court filing system ("SOPA"), which is subject to judicial notice. *See* https://securecourtcaseaccess.nmcourts.gov/; *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet"); *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

    In August of 2019, NNMCF officials determined Petitioner was guilty of sexual misconduct in violation of policy A(21), Violation No. M-19-02-17. (Doc. 1 at 2). NNMCF revoked an unspecified amount of good-time credits, which impacts the length of Petitioner's sentence. *Id.* at

6. Petitioner contends he did not receive a hearing or notice of the sanctions. *Id.* at 2, 6. He appealed the disciplinary decision to Warden Rosa and then to the Penitentiary of New Mexico (PNM). *Id.* at 2-3. Petitioner did not obtain relief, and he filed the federal Petition on February 17, 2021. Petitioner raises due process claims and asks the Court to vacate Violation No. M-19-02-17 and restore revoked credits. *Id.* at 7. Petitioner paid the $5 habeas fee, and the matter is ready for initial review.

## II. Initial Review & Exhaustion

The Petition is governed by Habeas Corpus Rule[1] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Relief is only available under § 2241 where the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3) (courts must determine whether petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"); *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section ... 2241 is a vehicle for challenging pretrial detention."). "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under §

---

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010. The Court, in its discretion, applies those rules to the § 2241 petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying § 2254 Rules to a § 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be may be raised by a court sua sponte….[H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id*. The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Here, the Petition clearly reflects Petitioner did not present his federal issues to the New Mexico Supreme Court. He lists two internal prison appeals and writes "N/A" under the question: "After the second [PNM] appeal, did you file third appeal to a higher authority, agency, or court?" (Doc. 1 at 3). The state court filing system confirms Petitioner has not filed a state habeas petition or otherwise raised these due process claims in any state court. *See* https://securecourtcaseaccess.nmcourts.gov/. As noted above, Petitioner must file a state habeas

3

petition with the trial court and, if that is not successful, a certiorari appeal with the New Mexico Supreme Court, before this Court can grant federal relief.

Accordingly, the Court will require Petitioner to show cause why his § 2241 action should not be summarily dismissed for failing to exhaust state remedies. Petitioner must file his show-cause response within thirty (30) days of entry of this Order. If he fails to timely respond or overcome the exhaustion requirement, the Court will dismiss this action without prejudice to refiling after he has sought relief in state court.

**IT IS ORDERED** that within 30 days of entry of this Order, Petitioner must show cause, if any, why his § 2241 habeas action should not be summarily dismissed for failure to exhaust state remedies.

_____
UNITED STATES MAGISTRATE JUDGE