# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CORY VILLAREALE,

    Petitioner,

vs.   No. CIV 21-0132 JB/JHR

LUIS ROSA, *Warden*,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner Cory Villareale's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed February 17, 2021 (Doc. 1)("Petition"). The Honorable Jerry Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, previously ordered Villareale to show cause why the Court should not dismiss his Petition without prejudice for failure to exhaust state remedies. See Memorandum Opinion and Order, filed April 13, 2021 (Doc. 5)("Show Cause Order"). Because Villareale has not responded, and having reviewed the record and applicable law, the Court will dismiss the Petition without prejudice.

## FACTUAL BACKGROUND

Villareale is an inmate at the Northern New Mexico Correctional Center ("Northern NM"). See Petition at 1. On or about August 14, 2019, Northern NM officials determined Villareale committed sexual misconduct in violation of policy A(21), Violation No. M-19-02-17. See Petition at 2. Northern NM revoked an unspecified amount of good-time credits, which impacts the length of Villareale sentence. See Petition at 6. Villareale contends that he did not receive a hearing or notice of the sanctions. See Petition at 2, 6. He appealed the disciplinary decision to

Northern NM Warden Luis Rosa and then to the Penitentiary of New Mexico ("PNM"). See Petition at 2, 3. Villareale did not obtain relief. See Petition at 2, 3.

On February 17, 2021, Villareale filed the federal Petition. See Petition at 1. Construed liberally, the Petition raises due process claims, and Villareale asks the Court to vacate Violation No. M-19-02-17 and restore the revoked credits. See Petition at 6-7. The Court entered an Order of Reference Relating to Prisoner Cases the following day. See Order of Reference Relating to Prisoner Cases, filed February 18, 2021 (Doc. 2). On March 3, 2021, Magistrate Judge Ritter entered an Order to Cure Deficiency, which directed Villareale to prepay the $5.00 habeas filing fee or, alternatively, file a motion to proceed in forma pauperis. See Order to Cure Deficiency, filed March 3, 2021 (Doc. 3). Villareale timely paid the filing fee on March 24, 2021. See Docket Text, filed March 24, 2021.

About three weeks later, on April 13, 2021, Magistrate Judge Ritter entered the Show Cause Order directing Villareale to show cause why the Court should not dismiss the federal Petition for failing to exhaust state remedies. See Show Cause Order at 4. The Show Cause Order warns that, if Villareale does not respond timely, the Court may dismiss his action without prejudice to refiling after he has sought relief in state court. See Show Cause Order at 4. The deadline to file a response to the Show Cause Order was May 13, 2021. See Show Cause Order at 4. Villareale has not complied or taken any further action in this case.

**LAW REGARDING SUA SPONTE REVIEW OF HABEAS PETITIONS**

28 U.S.C. § 2241 and the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010 ("Habeas Corpus Rules")[1]

---

[1]The Court, in its discretion, applies the Habeas Corpus Rules to the § 2241 petition. See Habeas Corpus Rule 1(b)("The district court may apply any or all of these rules to habeas corpus petitions."); Boutwell v. Keating, 399 F.3d 1203, 1211, n.2 (10th Cir. 2005)(citing Habeas Corpus

govern the petition.  Habeas Corpus Rule 4 requires a sua sponte review of habeas petitions.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition."  Habeas Corpus Rule 4.  "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ."  Habeas Corpus Rule 4.  The standards in rule 12(b)(6) of the Federal Rules of Civil Procedure are instructive when screening a petition under Habeas Corpus Rule 4.  See, e.g., Paters v. United States, 159 F.3d 1043, 1059 (7th Cir. 1998)("Rule 4, like Fed. R. Civ. P. 12(b)(6), acts as a screening device to weed out meritless claims from the federal court system."); Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012)("The facts vital to a habeas claim are those without which the claim would necessarily be dismissed under Rule 4 . . . or Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)).  A complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not

---

Rule 1(b), and holding the district court acted within its discretion by applying § 2254 Rules to a § 2241 petition); McFarland v. Scott, 512 U.S. 849, 114 (1994)(citing Habeas Corpus Rule 4, and noting that courts are authorized to summarily dismiss any habeas petition which appears legally insufficient on its face).

draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss.")(second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.)(quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)).

A complaint need not set forth detailed factual allegations, yet "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that *this* plaintiff has a

reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in original). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the rule 4 review, the pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellman, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellman, 935 F.2d at 1110. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." Hall v. Bellman, 935 F.2d at 1110.

## LAW REGARDING § 2241 AND EXHAUSTION OF STATE REMEDIES

Section 2241 provides relief where an inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas State Penitentiary, 36

F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." Williams v. Trammell, 782 F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." Williams v. Trammell, 782 F.3d at 1210 (quoting Picard v. Connor, 404 U.S. 270, 278 (1971)). See Fairchild v. Workman, 579 F.3d 1134, 1149 (10th Cir. 2009)("A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis.")(quotations omitted). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

"Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. United States v. Mitchell, 518 F.3d 740, 746, n.8 (10th Cir. 2008). As the Tenth Circuit has explained, "habeas proceedings are different from ordinary civil litigation and, as a result, [the] usual presumptions about the adversarial process may be set aside." United States v. Mitchell, 518 F.3d at 746, n.8. In addition, the Habeas Corpus Rules require sua sponte review of habeas petitions. See Habeas Corpus Rule 4. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4.

## **ANALYSIS**

Villareale asks the Court to intervene in his state prison disciplinary proceeding. See Petition at 3. It is clear from the Petition that Villareale has not presented his federal issues to the Supreme Court of New Mexico, as Montez v. McKinna, 208 F.3d at 866, requires. See Petition

at 3. The Petition lists two internal prison appeals, and Villareale writes "N/A" under the question: "After the second [PNM] appeal, did you file third appeal to a higher authority, agency, or court?" Petition at 3. The State court filing system confirms that Villareale did not file a State habeas petition or otherwise raise his federal due process claims in any State court before filing the federal Petition. Villareale's State filing records are subject to judicial notice. See United States v. Ahidley, 486 F.3d 1184, 1192, n.5 (10th Cir. 2007)(stating that courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Mitchell v. Dowling, 672 F. App'x 792, 794 (10th Cir. 2016)(explaining that habeas courts may take "judicial notice of the state-court docket sheet"); Van Duzer v. Simms, No. CIV 18-0405 JB/LF, 2018 WL 2138652, at *1, n.1 (D.N.M. May 9, 2018) (Browning, J.)(explaining that courts may take judicial notice of New Mexico state criminal dockets)

Accordingly, the Court concludes Villareale has not exhausted his state remedies. See Montez v. McKinna, 208 F.3d at 866. The Court will dismiss this action without prejudice to refiling after the exhaustion process is complete. Villareale must challenge his prison disciplinary proceeding through a state habeas petition with the state trial court and, if that is not successful, a certiorari appeal with the Supreme Court of New Mexico, before this Court can review the federal claims. See Montez v. McKinna, 208 F.3d at 866.

**CERTIFICATE OF APPEALABILITY**

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The petitioner must make this showing by

"demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons discussed above, Villareale has not shown reasonable jurists would debate this ruling. The Court therefore denies a Certificate of Appealability.

**IT IS ORDERED** that: (i) the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed February 17, 2021 (Doc. 1), is dismissed without prejudice; (ii) a certificate of appealability is denied; and (iii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Cory Villareale
Northwest New Mexico Correctional Center
Grants, New Mexico

 *Petitioner pro se*